JDDa'E Hise
delivered the opinion of the Court.
Robert Buckner, instituted this suit in the Louisville Chancery Court against the Steam boat Blue Wing, claiming damages for injury done to his hay boat in tbe Kentucky river, by the former having run into and crushed her, through the mismanagement and negligence of the officers in command of the Blue Wing. The master of the Blue Wing does not deny the charge that his boat come in contact with the complainants hay boat, and that it was somewhat injured and damaged in consequence thereof. But he denies that it was caused by any fault or negligence of the officers and crew of the Blue Wing, and rests his defence upon the ground that the collision occurred in the night, which was very dark, when it was raining, and the wind blowing fresh, that there was no light or watch on the hay boat to give warning as to her position, and that they accidentally run into her; not being able to see her in the darkness of the night, in sufficient time to avoid the collision and consequent injury done — that in the existing stage of the river, (which was rising,) the current set in towards the place where the hay boat was cabled to the shore, which carried his vessel in that direction as she ascended the Kentucky river, after passing through the lock.
By direction of the Court, a jury was called, empan-nelled, and sworn, who after having heard the. evidence submitted, and the charge delivered to them by the chancellor returned a verdict for 135 dollars in damages, in favor of the complainant.
1 0 ' h e substance if the proof.
j ( , Instructors mov. ed in the Chancery 0 o urt b y defendant, n d refused.
The defendant’s attorney moved the Court for a new trial upon the grounds: 1st, that the Court erred in refusing to give the instructions asked by defendant. 2d,' that the Court erroneously instructed the jury. 3d, that the law was not properly expounded to the jury. 4th, that the verdict of the jury was against the law and evidence.
The motion for a new trial was overruled by the Court, and a decree rendered in favor of the complainant for the sum in damages assessed by the jury, and the costs of suit. The defendants excepted to the decision of the chancellor. The evidence was certified and spread upon the record, and they have appealed to this Court.
The proof in the cause clearly establishes the following state of fact: The hay boat was fastened close to the shore of the Kentucky river, with lines attached to both the bow and stern at Dean’s landing—which is on the same side of the river with lock, No. 1, and is a usual landing place for flat-boats and other river craft, at which they frequently stop and lay up. The landing where the boat was cabled is betwmen three and four hundred yards above the lock, No. 1, and more than 100 yards above the ground adjacent to the lock, which belongs to the State. Whilst the hay boat thus lay next the shore, there being no person and no light on board, the steamer Blue Wing in the night, which was quite dark, ascending the river passed, through the lock No. 1, and the cabling above, the pilot then stopped the larboard, and continued working the starboard wheel, and caused the vessel to run along and next to the shore, until she struck the hay boat, and produced the injury and damage for which complainant has brought this suit. The river bends to the right above the lock, and it is not usual for steamboats after passing through the lock, to keep on next to the shore as was done in this instance, but to pass out into the middle of the river in the direction of the point on the shore opposite to that where the hay boat was cabled. There *248 was another flat boat fastened on the same shore, and lying between the hay boat and the lock; which the Blue Wing passed and left uninjured, and yet struck the hay boat lying above. The proof does not at all authorize the conclusion that the collision was unavoidably produced by stress of weather or by force of wind or current. But the witnesses for defendants admit that it might have been avoided if the hay boat had been discovered in time, although they express the opinion that in the then existing stage of the river, it would have endangered the boat and the lives of those board, to have turned the bow of the steamer towards the middle of the river, immediately after passing through the lock and the cribbing above, as the force of the current might have carried her down the river and over the dam. But it is obvious from the proof that as they had abundant room to pass the lower flat boat without risk or danger; they could have still more easily have passed the hay boat which was cabled above at the usual landing place for flat boats.
instruction gi- * en by the chancellor.
After the testimony was heard establishing in substance the facts above stated, the council for defendants moved the Court to instruct the jury as follows:
1st. If the jury find the collision was an accident, they must find for defendant.
2d. If the jury find that complainant neglected an ordinary and proper measure of precaution, the presumption is, that the collision was owing to his neglect.
3d. Though if the jury should find that the collision was partly attributable to the negligence of defendants, yet if they find that it was also partly attributable to the negligence of the complainant; they must find for' the defendant.
4th. If the plaintiff’s negligence in any way concurred in producing the injury, the jury must find for defendant.
5th. If it is doubtful whether the management or negligence of the plaintiff contributed to the accident, they must find for the defendant.-
A Court may pro parly refuse to give an instruction -which is ab-struct, t h ough the principle of law be eerrectly stat e d — o r t o give a multiplier ty of ins truc tion. embracing the same legal principle and g ive one or more ins tractions e m-braoing the law of the case.
6th. If the collision occurred without blame being imputable to either party, the verdict must be for defendants.
The chancellor refused to give these instructions as asked, and instructed the jury as follows:
“ If the flat boat was lying in a place where steam boats generally run on such occasions, and the steam boat was managed with ordinary prudence, then the complainant cannot recover. But on the contrary, if the flat boat was in the place where such boats usually lay, and the steam boat was run out of the ordinary track of such boats, unless it was done by stress of weather, they should find for complainant. If the collision happened without fault of either party, then there can be no recovery.”
The questions to be determined by this Court, are, should the instructions which were refused have been given, and were the instructions given erroneous?
Instructions containing abstract propositions of law, though conceded to be correct, should not be asked, and if asked, may be properly refused. If they are not applicable to, or based upon, the facts of the case as shown by the proof, they can have no other tendency than to confuse and misdirect the minds of the jury. So also a Court may properly refuse to give a number of instructions setting forth in substance, if not in form, repeatedly the same propositions of law, and may set forth the whole law of the case, and give the same in one single charge or instruction to the jury, so that it be correctly and impartially clone according to all the proof in the cause. Nothing more or less has been done by the chancellor in this case.
If it were granted that each of the instructions moved by defendant’s counsel as they may be construed by him, present correct legal propositions, yet they -are, except such as are abstract and inapplicable, contained in substance-within the instructions which the Court gave to the jury, in a form and manner more comprehensive and impartial, and defendant has no just ground *250 of complaint, as the whole law of this case was fairly expounded to the jury by the chancellor.
The first instruction asked by defendant would have been misleading, and ought not to have been given. The word accident when used to express a result produced by human action, is generally, if not universally, understood to mean a thing done, or a disaster caused or produced without design or unintentially ; and had this instruction been given, the jury would in all probability have directed their enquiry alone to the question as to whether the Blue Wing was brought into collision with th,e hay boat, with or without design, intentionally or unintentionally, and if done without design or accidentally, or if it was not intended, they might under this instruction have considered themselves as bound to find for the defendant, notwithstanding the injury was causéd by a want of proper skill, or by the improper negligence and mismanagement of the officers and crew of the Blue Wing. As matter of law, if one vessel unskilfully and by faulty management or negligence runs into another and injures or destroys her, it is no sufficient excuse to allege and prove that it was, done accidentally and without design. If there is fault, neglect, or unskilfulness, responsibility follows in such cases, whether the injury was done with or without de.sign.
The 2d, 3d, 4th, and 5th instructions are all in substance the same — wmre doubtless intended for the same purpose, and were properly refused as abstract and in•applicable to the facts of the case, unless as matter of law, the Blue Wing is to be excused for the injury done to the hay boat, because it was a dark night when the injury was done, and the hay boat was unguarded and without a light on board. It is in proof, that the hay boat was empty, and that it is not usual for flat boats when laying up, cabled at a landing place, to keep either lights or a watch on board. The hay boat was lying up at Dean’s landing, cabled, and her owner was guilty of no fault, or negligence of any kind, in the man-